NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SEAN P. O'HARA,**
*Petitioner*

**v.**

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent*

---

2015-3044

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-13-4800-I-1.

---

Decided: April 24, 2015

---

SEAN P. O'HARA, Los Angeles, CA, pro se.

PETER ANTHONY GWYNNE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., KIRK T. MANHARDT.

---

Before NEWMAN, PLAGER, and HUGHES, *Circuit Judges.*

PER CURIAM.

Sean P. O'Hara appeals the Merit Systems Protection Board's final decision affirming his removal for lack of candor and misuse of government property. Mr. O'Hara asserts that the Board erred in affirming the lack of candor charge and removal penalty. Because the Board's decision is supported by substantial evidence and is not arbitrary or capricious, we affirm.

I

Mr. O'Hara was employed as a Supervisory Detention and Deportation Officer in the Enforcement and Removal Operations Directorate of the Department of Homeland Security's Immigration and Customs Enforcement Agency. On February 28, 2012, an employee reported that Mr. O'Hara was viewing sexually explicit images on his government computer.

The Department began an investigation into the matter. It conducted a forensic analysis of the government computers used by Mr. O'Hara, which revealed that over a four-month period he had accessed over 500 sexually explicit images, websites, and links, and conducted numerous searches for sexually explicit materials. During the investigation, Mr. O'Hara was interviewed, under oath, and asked several questions about the allegations that he viewed pornographic materials. He, at first, denied that he deliberately viewed such images, but then, after being shown the images discovered during the forensic analysis, admitted that he had accessed them.

On April 12, 2013, the Department notified Mr. O'Hara of its intention to remove him based on two charges: (1) his lack of candor during his interview; and (2) his unauthorized use of government computers to view sexually explicit images. The lack of candor charge contained two specifications. One asserted that Mr. O'Hara was initially less than truthful when he denied

viewing pornography on his government computer, because he later admitted having viewed them when confronted with the sexually explicit images. The second asserted that Mr. O'Hara was less than truthful when he stated that he did not think it was a violation to access unblocked sexually explicit images on his government computers, because he had received annual training on what use is authorized on government equipment that explained that such use is prohibited. The unauthorized-use-of-government-computers charge contained seventeen specifications, based on different dates that Mr. O'Hara downloaded or viewed sexually explicit materials or conducted sexually explicit searches.

Mr. O'Hara submitted a sworn oral reply to the proposed removal. Thereafter, on August 23, 2013, the Department notified Mr. O'Hara that it continued to believe the evidence supported the counts against him and dismissed him from his position. Mr. O'Hara appealed to the Board, contesting guilt on all of the charges and the reasonableness of the removal penalty. The Board affirmed. Mr. O'Hara appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

Our review of the Board's decision is limited. Under 5 U.S.C. § 7703(c), we must affirm any action, finding, or conclusion that is not: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.

On appeal, Mr. O'Hara asserts that the Board erred in affirming the lack of candor charge and removal penalty.

The Board's affirmance of the lack of candor charge was supported by substantial evidence, because the record contains "such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." *Wrocklage v. Dep't of Homeland Sec.*, 769 F.3d 1363, 1366 (Fed. Cir. 2014). As the Board explained, Mr. O'Hara's assertion that his lack of candor was due to a misunderstanding is unpersuasive. In defense of his false statement that he had not used government computers to view pornography, Mr. O'Hara asserted that he thought Mr. Lam was asking him about distribution and downloading, not viewing. But this is contradicted by the plain language of the question, which did not ask Mr. O'Hara about whether he downloaded or distributed pornographic images, but whether he "viewed" them. J.A. 81–82. It is also contradicted by his own answers about deleting email messages containing "off-color" material, J.A. 81, which show that he understood Mr. Lam's questions were not merely about downloading and distributing.

Moreover, substantial evidence supports the Board's finding that Mr. O'Hara lacked candor when he claimed that he did not think that viewing sexually explicit images on government computers is prohibited because the sites where they came from were not automatically blocked. Mr. O'Hara admitted he received mandatory training on the proper use of government computers, and thus Mr. O'Hara knew or should have known that accessing such materials was prohibited. Additionally, the Board correctly concluded that it is inherently improbable that Mr. O'Hara did not understand that viewing pornography on government computers is prohibited, since he was a GS-13 supervisor with over twenty-four years of government service. Accordingly, substantial evidence supports the Board's affirmance of the lack of candor charge.

The Board's affirmance of the removal penalty was not arbitrary or capricious. Mr. O'Hara argues that the Board erred because it rejected some of his submitted comparators involving last-chance settlement agreements, and because the removal penalty outweighed the discipli-

nary infraction under the factors set forth by *Douglas v. Veterans Admin.*, 5 M.S.P.R. 280 (1981). Both of these arguments are unpersuasive. As we have explained, "[d]isparate treatment is not shown by comparing a penalty imposed by an agency with one emanating from a settlement agreement." *Dick v. U.S. Postal Serv.*, 975 F.2d 869 (Fed. Cir. 1992) (Table). Thus, the Board did not act arbitrarily or capriciously in refusing to use last-chance settlement agreements as comparators.

We also do not find that the Board acted arbitrarily or capriciously in affirming the Department's removal penalty. Although a removal penalty is severe, it is within the Board's discretion so long as the decision "reflects a reasoned concern for the factors appropriate to evaluating a penalty." *Kumferman v. Dep't of Navy*, 785 F.2d 286, 291–92 (Fed. Cir. 1986) (quotation omitted). That is precisely the situation here. When analyzing the *Douglas* factors, the Department identified Mr. O'Hara's mitigating factors, including his 24 years of government experience and good job performance, his emotional issues resulting from his divorce, and the fact that the offense was not high profile. However, the Department also identified several aggravating factors, such as Mr. O'Hara's prior and fairly recent discipline for misuse of a government-issued travel credit card, his position as a law enforcement officer and supervisory official, the deciding official's loss of confidence in Mr. O'Hara's ability to perform his job duties, the fact that Mr. O'Hara knew his conduct was prohibited, the deciding official's assessment that he was not a good rehabilitation candidate, and the fact that other sanctions were insufficient to deter his or other employees' future misconduct. The Department carefully weighed these considerations and determined that removal was appropriate. The Board's review of this analysis shows a reasoned concern for applying the *Douglas* factors appropriately, and accordingly we decline to disturb its affirmance of the removal penalty.

Thus, because the Board's decision was supported by substantial evidence and was not arbitrary or capricious, we affirm.

**AFFIRMED**

No costs.